UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *IN RE* SUBPOENA TO GENENTECH, INC. | Case No. 26-mc-80175-AGT |
| In connection with: | **TRANSFER ORDER** |
| UNITED STATES OF AMERICA, *et al.*, *ex rel.* JULIANNA NUNNELLY and MATTHEW SHANKS, | Re: Dkt. No. 3 |
| Plaintiffs, | |
| v. | |
| REGENERON PHARMACEUTICALS, INC., | |
| Defendant. | |

Regeneron Pharmaceuticals, Inc. (Regeneron) moves to transfer its motion to compel. Dkt. 3. Genentech, Inc. (Genentech), the recipient of Regeneron's subpoena, opposes transfer. Dkt. 16. Having reviewed the relevant papers, the Court finds that transfer is warranted under Federal Rule of Civil Procedure 45(f).

This matter arises out of litigation pending in the District of Massachusetts, *U.S. ex rel. Nunnelly v. Regeneron Pharmaceuticals, Inc.*, No. 20-cv-11401-PBS (D. Mass. July 28, 2020). Dkt. 3 (motion) at 4; dkt. 16 (opposition) at 3.[1] Regeneron issued several third-party

---

[1] Citations to page numbers in this order correspond to the ECF page numbers at the top of each docketed page.

1

subpoenas, including the instant one to Genentech, seeking similar information. Dkt. 3 at 5; dkt. 16 at 2. Three of the subpoenaed third parties filed motions to quash in Massachusetts. Dkt. 3 at 5; dkt. 16 at 2. On June 15, 2026, the magistrate judge handling discovery in the underlying case heard argument on the motions to quash. Dkt. 3 at 5; dkt. 16 at 2. As of the filing of this order, a ruling has not yet issued.[2] Discovery remains ongoing there.

Regeneron issued the instant subpoena to Genentech on February 4, 2026. Dkt. 16-2. Regeneron filed motions to compel and to transfer in this Court on June 4, 2026. Dkts. 1 & 3. The motion to transfer is now fully briefed. *See* dkts. 16 & 17.

"When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court . . . if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). Exceptional circumstances may be found "to avoid disrupting the issuing court's management of the underlying litigation" such as when "the same issues are likely to arise in discovery in many districts." Fed. R. Civ. P. 45, Advisory Committee Notes on 2013 Amendments. The "proponent of transfer bears the burden of showing that such circumstances are present." *Id.*

Regeneron argues that exceptional circumstances warrant transfer to Massachusetts. Dkt. 3 at 6–8. Litigation has been pending there for nearly six years. *Id.* As such, that district is more familiar and better positioned to rule on issues raised in the motion to compel.

Indeed, the Massachusetts court has already held hearings on comparable subpoenas issued by Regeneron to other third parties, so the same issues have arisen in discovery in multiple districts. *See Bright House Networks, LLC v. MarkMonitor, Inc.*, No. 20-MC-

---

[2] The Court takes judicial notice of the District of Massachusetts's docket in the underlying case. *See, e.g.*, *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1131–32 (9th Cir. 2012) (judicially noticing "documents on file in federal . . . courts").

80083-TSH, 2020 WL 4464882, at *2 (N.D. Cal. Aug. 3, 2020) ("Numerous district courts have found exceptional circumstances when motion practice in the issuing court raises similar arguments to those raised in the motion sought to be transferred.") (cleaned up).

Genentech concedes that Massachusetts is the best forum to resolve this dispute. *See* dkt. 16 (opposition) at 8 ("Genentech does not dispute that the District of Massachusetts is ultimately the proper forum to resolve the parties' dispute . . . ."). Nor does Genentech dispute that argument on comparable subpoenas has taken place there. *Id.* at 2 ("Three other companies have already filed motions to quash nearly identical subpoenas, and Magistrate Judge M. Page Kelley in the District of Massachusetts heard argument on June 15.").

In light of the above, the Court finds that exceptional circumstances exist here.

Genentech's arguments to the contrary are unavailing. When considering transfer, a "prime concern [for the Court] should be avoiding burdens on local nonparties subject to subpoenas," and transfer should only be granted where the exceptional circumstances "outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion." Fed. R. Civ. P. 45, Advisory Committee Notes on 2013 Amendments. Here, the exceptional circumstances found above outweigh any interest of Genentech in obtaining a local resolution.

Genentech first argues that it should not be forced to litigate in Massachusetts because that court may soon issue rulings on the other subpoenas (already pending there) that will provide guidance regarding the instant subpoena. Dkt. 16 at 8–9. As such, Genentech asks this Court to hold Regeneron's motion to transfer in abeyance or to deny it without prejudice. *Id.* at 9. But these are case management matters more appropriate for the judges in Massachusetts to consider.

Next, Genentech asserts that Regeneron identifies "no exceptional circumstances that justify [Regeneron's] rush to court or the unnecessary burden its premature motion would impose on Genentech." *Id.* at 9–10. As Regeneron replies, dkt. 17 at 2, Rule 45(f) does not govern when parties may file motions to transfer; it governs when courts may grant such a motion. Regeneron thus isn't required to show exceptional circumstances permitting the filing of the motion.

Exceptional circumstances are present in this case and outweigh any potential burden on Genentech. Transfer to the District of Massachusetts is warranted and now granted under Rule 45(f).

**IT IS SO ORDERED.**

Dated: July 30, 2026

Alex G. Tse
United States Magistrate Judge

4